IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERNON KING, JR. | § | |
| | § | |
| v. | § | C.A. NO. C-06-181 |
| | § | |
| PAUL A. MORALES, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Texas state prisoner Vernon King, Jr. filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Proceeding pro se, plaintiff has not paid the filing fee, or sought to proceed in forma pauperis.

## DISCUSSION

Plaintiff is currently incarcerated in the McConnell Unit in Beeville, Texas. He is a litigant who has accumulated in excess of three strikes under 28 U.S.C. § 1915(g), and is therefore, barred from proceeding in forma pauperis in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury.[1] He makes no such assertion or

---

[1] King v. Little, No. 6:94cv328 (W.D. Tex. Feb. 26, 1996) (strike for frivolous filing pursuant to 28 U.S.C. 1915); King v. Little, et al., No. 96-50183 (5th Cir. June 27, 1996) (same); King v. Dowdy, et al., No. 96-50256 (5th Cir. July 16, 1996) (same); King v. Pace, No. 6:97cv435 (W.D. Tex. June 12, 1997) (same); King v. Turner, No. 97-40832 (5th Cir. Feb. 10, 1998) (strike for frivolous filing and barred from proceeding in forma pauperis unless he is under imminent danger of serious physical injury); King v. Pace, et al., No. 97-40834 (5th Cir. Feb. 10, 1998) (same); King v. Walker, et al., No. 97-40830 (5th Cir. Feb. 10, 1998) (barred from proceeding in forma pauperis unless he is under imminent danger of serious physical injury); King v. Warren, No. 97-40713 (5th Cir. Apr. 10, 1998) (same); King v. Johnson, No. 4:05cv1960 (S.D. Tex. June 14, 2005) (same); King v. Livingston, No. 2:05cv539 (S.D. Tex. Nov. 28, 2005) (same); see also King v. Dowdy, et al., No. 6:95cv368 (W.D. Tex. Mar. 27,

showing in his current action.

Court records reflect that prior to filing this action, plaintiff has filed numerous other lawsuits while incarcerated in Texas. Of those lawsuits, no fewer than six of the actions or appeals filed by plaintiff have been dismissed as frivolous, or for failure to state a claim. See supra n. 1. Therefore, he has no fewer than six strikes against him for filing frivolous actions and appeals prior to filing this action.

Moreover, as the result of plaintiff's frivolous filings, the Fifth Circuit has barred him from proceeding in forma pauperis in at least three cases. See supra n. 1. The Western District of Texas has also barred him from filing any new civil suits and imposed a sanction for his abuse of judicial resources. Id. He does not show that he has satisfied the monetary sanction imposed by the Western District.

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); see also Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Plaintiff

---

1996) (sanctioned $120 and barred from filing any new civil rights actions until sanction is paid).

has not asserted that he is under imminent danger of serious physical injury.

Furthermore, the Fifth Circuit has held that a district court may honor the sanction order of another district court. Balawajder v. Scott, 160 F.3d 1066, 1067-68 (5th Cir. 1999) (per curiam). Indeed, the Southern District of Texas has previously barred plaintiff from filing an action in light of his failure to pay sanctions and obtain permission to file new civil actions. See supra n. 1.

## RECOMMENDATION

Under the sanction orders of the Fifth Circuit, as well as other district courts, and as previously enforced by the Southern District of Texas, plaintiff is required to seek permission to file any civil rights action. He did not seek permission to file this action from either a district judge or the Fifth Circuit. Accordingly, it is respectfully recommended that his action be dismissed. If this recommendation is adopted, it is also respectfully recommended that a copy of this memorandum and recommendation and a copy of the order adopting it be sent to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

Respectfully submitted this 27th day of April 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).